

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CLAUDIO HERNANDEZ-HERNANDEZ, | Case No.: 3:26-cv-2689-CAB-SBC |
|---|---|
| Petitioner, | **ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |
| v. | |
| CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center, et al., | |
| Respondents. | |

Before the Court is Petitioner Claudio Hernandez-Hernandez's petition for a writ of habeas corpus.  [Doc. No. 1 ("Petition").]  Petitioner previously filed a separate habeas action in which this Court ordered Respondents to provide Petitioner with a bond hearing. *See Hernandez-Hernandez v. LaRose,* No. 3:26-cv-635-CAB-SBC (S.D. Cal.); Doc. No. 1 at 3; Doc. No. 7 at 1.  Petitioner received a bond hearing on February 12, 2026; the Immigration Judge ("IJ") denied bond finding Petitioner was a flight risk.  [Doc. No. 1 at 3; Doc. No. 7 at 1–2.]  Petitioner says that the bond hearing and resulting decision were inadequate and asks the Court to order his immediate release or "conduct an immediate bond hearing before this Court where DHS bears the burden of justifying Petitioner's

continued detention by clear and convincing evidence[.]" [Doc. No. 1 at 17.] Respondents counter that this request is not properly before the Court because Petitioner should first exhaust his administrative remedies via an appeal to the Board of Immigration Appeals ("BIA"). [Doc. No. 7 at 4–5.]

The Court agrees with Respondents. As the Ninth Circuit has explained, "[Petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [Petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

In the Petition before the Court, Petitioner also brings a new claim under the Fourth Amendment that he was unlawfully detained while bringing his son to school without reasonable suspicion. [Petition at 2, 16–17.] He provides few details about the circumstances of his detention beyond that it was "warrantless, aggressive, and unsupported by reasonable suspicion" and "ICE agents followed [him] to the school before detaining [him]." [Doc. No. 8 at 2, 18.]

Even assuming Petitioner was detained based on his appearance, Petitioner does not explain why release is the appropriate remedy. "The remedy for an unlawful arrest in violation of the Fourth Amendment is suppression of evidence, not release from custody." *Reyes v. Hermosilla*, No. C25-2525-JNW-MLP, 2026 WL 528692, at *2 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. C25-2525-JNW, 2026 WL 525103 (W.D. Wash. Feb. 25, 2026); *see also Cruz v. Barr*, 926 F.3d 1128, 1146 (9th Cir. 2019) (ordering termination of removal proceedings on Fourth Amendment grounds because fruits of the regulatory violation were the *only* evidence of petitioner's alienage) (emphasis added); *United States v. Crews*, 445 U.S. 463, 470 (1980) (explaining that the Fourth Amendment's exclusionary sanctions prohibit the use of unlawfully obtained evidence against the accused at trial).

For the foregoing reasons, the Court **DENIES** the Petition.  The Clerk of the Court shall close the case.

It is **SO ORDERED.**

Dated:  May 28, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-2689-CAB-SBC